## Schmidt & Co. *versus* Armstrong *et al.*

I. The Act of February 17th 1858 (Mechanics' Liens) does not apply to "dwelling-houses" erected by tenants for years, independently of the works referred to in the act.

2. "Improvement" in the act covers only useful and important erections constituting part of the works placed there by the tenant.

3. Schenley's Appeal, 20 P. F. Smith 98, affirmed. Thomas *v.* Smith, 6 Wright 68, limited.

November 12th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 94, to October and November Term 1872.

This was a scire facias on a mechanic's lien issued December 12th 1871, by Benjamin Schmidt and others, trading as Schmidt & Co., against Sarah A. Armstrong owner, and John D. Groves contractor. The claim was filed April 10th 1871, against a frame dwelling-house, situate, &c., and was for $166.06. After describing the lot the claim proceeded :—

[Schmidt *v.* Armstrong.]

" The said Sarah Ann Armstrong's interest in said lot of ground, being that of tenant or lessee for a term of years," &c.

There was no dispute as to the correctness of the claim, or that the building was a dwelling-house.

Judgment by default for $179.30 was taken against the defendant for want of an appearance and affidavit of defence. On the 27th of January 1872, a levari facias was issued, and February 8th a rule was granted on the defendant to show cause why the judgment should not be opened, and the defendant let into a defence. The rule was made absolute February 27th.

A case stated comprising the foregoing facts was filed, and it was agreed:—

" If the court should be of opinion, as a matter of law, that under all the facts, the plaintiffs are entitled to recover in the aforesaid scire facias on the mechanic's lien aforesaid, or, that having taken judgment by default against the defendants, they were entitled to have execution of the same, the judgment is to be entered now for the plaintiffs ; but if the court should think otherwise, then judgment is to be entered for the defendants."

The court (Stowe, J.) entered judgment for defendants.

The plaintiffs removed the record to the Supreme Court by writ of error, and assigned for error :—

1. Entering judgment for defendants.

2. Letting defendants into a defence, and staying the execution after judgment against them by default.

*J. L. Koethen,* for plaintiffs in error.—The improvement was a permanent erection, increasing the interest which the tenant had in the land : Esterley's Appeal, 4 P. F. Smith 192. The Act of February 17th 1858, sect. 1, Pamph. L. 29, 2 Br. Purd. 1029, pl. 23, extends the mechanics' lien law to all improvements, &c." These provisions were extended to Allegheny county, by Act of March 21st 1865, Pamph. L. 433 : Thomas *v.* Smith, 6 Wright 68 ; Act of April 21st 1856, sect. 1, Pamph. L. 496, 2 Br. Purd. 1027, pl. 15.

*W. K. Jennings,* for defendants in error.

The opinion of the court was delivered, November 18th 1872, by

AGNEW, J.—We are asked in this case to reverse our decision at the last term upon the Act of 17th February 1858, in the case of The Brick Machine Co. *v.* Moore's Administrators.[1] The ground urged is that it is contradictory to the decision in Thomas *v.* Smith, 6 Wright 68. That decision was made nine years before, upon a local statute, not a general law, and was not remembered by either of the only two judges then on the bench. Neither the act itself nor

[1] *Nom.* Schenley's Appeal, 20 P. F. Smith 98.

[Schmidt *v.* Armstrong.]

the decision upon it was referred to in the paper-book, while on the contrary we were referred to a law having no relation to the case. On part of the defendant in error no paper-book was furnished. After the first part of the opinion was written, an inquiry of the auditor, who had heard the case, brought a reference to the Act of 1858, but not to the decision upon it in Thomas *v.* Smith. Thus by the culpable omission of counsel to afford information regarding a local act, we were led into a fresh interpretation of the Act of 1858, without the means of distinguishing the case from the former decision. The cases were not entirely parallel: Thomas *v.* Smith was the case of an extensive ice-house, erected by a tenant for years, not as an out-house or appurtenant to a residence, but as an independent and separate structure for the purpose of commerce. Judge Woodward was careful to characterize the "improvement" in these words, and therefore held it to be such an "improvement" as the legislature meant to subject to a lien. In the other case the erection was merely a private dwelling, and evidently did not fall within the largest intent of the act.

This case has been argued as if our decision in Brick Machine Co. *v.* Moore's Administrators, confined the operation of the Act of 1858 to leases of coal-lands or collieries. This is an error. The point decided was that the act did not extend the mechanics' lien law to the " creation of liens upon ordinary houses or dwellings of tenants, independently of the works indicated by the other expressions used in connection with the word improvements," viz., engines, pumps, machines, screens, &c. As an argument to show that private dwellings were not meant, it was said that the words of the act have clear reference to the works erected on colliery leases, because of their great number and importance in the counties of Luzerne and Schuylkill; and that the act was extended to the coal counties of Westmoreland and Allegheny for the same reason. And undoubtedly colliery leases were the chief subject in the mind of the legislature. But whether the act was confined simply to colliery leases, was a question not before us, and was not decided. Without asserting the extent of the act, the legislature may have meant, and perhaps did mean, to embrace all estates for years leased for mining and manufacturing purposes, where engines, pumps, machinery, screens and fixtures are furnished to the tenant. A collation of the Acts of 21st April 1854, Pamph. L. 428, 21st April 1856, Brightly 710, pl. 16, and 17th February 1858, Id. 710, pl. 17, would probably lead to this conclusion; but as the question is not now before us, we shall express no opinion upon it. In this view of the Act of 1858, it would not be a useless repetition of the Act of 1854, as has been argued. But without further discussion we may say, that the reasons given in the opinion last year satisfy us that the Act of 1858 was not intended to embrace private dwellings erected by tenants independently of the works

[Schmidt *v.* Armstrong.]

referred to therein; and that the word "improvement" was only intended to cover those useful and important erections which constitute a part of the works placed there by the tenant; for example, engine-houses, shops, breakers, houses for hands, &c. We leave the special case of a large ice-house erected for the purposes of trade where the case of Thomas *v.* Smith placed it.

Judgment affirmed.